UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LESTER V. KERAN,

      Plaintiff,

                              Case No. 2:20-cv-2002
    v.                       JUDGE EDMUND A. SARGUS, JR.
                              Magistrate Judge Chelsey M. Vascura

DIRECTOR CHAMBERS-SMITH, *et al*.,

      Defendants.

**OPINION AND ORDER**

This matter is before the Court for consideration of a Report and Recommendation issued by the Magistrate Judge on July 29, 2020, (ECF No. 9), addressing Plaintiff Lester V. Keran's Objection to the Report and Recommendation. (ECF No. 12). For the reasons stated below, the Court **OVERRULES** Plaintiff's Objection to the Report and Recommendation, (ECF No. 12), and **ADOPTS** the Report and Recommendation (ECF No. 9).  This case is **DISMISSED**.

Plaintiff alleges the following, which for the present purposes the Court shall accept as true. For twenty years while at the Marion Correctional Institution Plaintiff labored for the Ohio Penal Industries. During the latter ten years, he labored in the sheet metal shop; first as a cushion maker, and then as a material handler. Plaintiff consistently received positive job evaluations from his previous manager, Joe Fisher. However, this changed when a new manager, Holley, took over. Holley began requiring inmates to be cross trained in various positions, rather than working solely in a single position as before. Plaintiff, who is 78 years old, was reluctant to take on new positions, feeling that he had not received adequate training and that the new program was designed to oust older inmates such as himself from their positions in the shop. Plaintiff began receiving lower job

evaluations. Ultimately, he and several other older inmates were fired from the metal shop. Plaintiff was fired on December 24, 2019.

On May 21, 2020, Plaintiff filed a pro se Complaint, asserting claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* (the "ADEA") and 42 U.S.C. § 1983. (Compl., ECF No. 5). The Magistrate Judge recommended that each of the claims should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1) for failure to state a claim upon which relief may be granted. Plaintiff objected specifically to the Magistrate Judge's recommendation that the Plaintiff's 42 U.S.C. §1983 claim (concerning the 14th Amendment) should be dismissed. (ECF No. 12). Plaintiff had alleged that his supervisor failed to follow the proper policies and procedures when firing him, and thereby denied him due process. (ECF No. 5 at PageID # 23). The Magistrate Judge understood this as claiming a procedural due process violation, which is the natural reading. Plaintiff objected that he meant he had been denied substantive due process. The result, however, is the same.

The Court finds that Plaintiff has failed to plead facts that support a substantive due process violation. In the context of § 1983 actions, substantive due process claims often fall into one of two categories: claims that an individual has been deprived of a particular constitutional guarantee by state action and claims that state government action so "shocks the conscience" as to amount to a violation of one's federal civil rights. *Handy–Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 546–47 (6th Cir. 2012). The facts alleged, however, do not establish that any particular constitutional guarantee was violated. And, while Plaintiff's loss is unfortunate, what happened here does not shock the conscience as that phrase is meant in the context of substantive due process.

"Where government action does not deprive a plaintiff of a particular constitutional guarantee or shock the conscience, that action survives the scythe of substantive due process so long as it is rationally related to a legitimate state interest." *Id.* (quoting *Valot v. Se. Local Sch. Dist. Bd. of Educ.*, 107 F.3d 1220, 1228 (6th Cir, 1997)). When courts apply rational basis review the legitimate state interest can be any legitimate state interest, it need not be specifically asserted. *See, e.g.*, *Williamson v. Lee Optical Co.*, 348 U.S. 483, 490–91, 75 S. Ct. 461, 466, 99 L.Ed. 563 (1955). Here, the cross-training requirement could be rationally related to the state's interest in broadening the skills inmates can acquire at the sheet metal shop.

Accordingly, the Court **OVERRULES** Plaintiff's Objection to the Report and Recommendation, (ECF No. 12), and **ADOPTS** the Report and Recommendation (ECF No. 9). This case is **DISMISSED**.

**IT IS SO ORDERED.**

1/6/2021                                    **s/Edmund A. Sargus, Jr.**
**DATE**                                         **EDMUND A. SARGUS, JR.**
                                                   **UNITED STATES DISTRICT JUDGE**